UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

WESLIE H. IMADA,                               No. 2:10-cv-00157-MCE-GGH

    Plaintiff,

    v.                                         MEMORANDUM AND ORDER

ONEWEST BANK, FSB, et al.,

    Defendants.

----oo0oo----

This action arises from a mortgage loan transaction in which Weslie Imada ("Plaintiff") refinanced his home in February 2007. Presently before the Court is a Motion by OneWest Bank, FSB and Mortgage Electronic Registration Systems, Inc. ("Defendants") to Dismiss Plaintiff's First Amended Complaint ("FAC") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For the reasons set forth below, Defendants' Motion to Dismiss is granted with leave to amend.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

## BACKGROUND[2]

Through a transaction executed on February 22, 2007, Plaintiff refinanced his single-family residence in Stanislaus County, California. Unable to make the payments on the mortgage, Plaintiff thereafter defaulted.

As a consequence, OneWest Bank FSB ("OneWest"), the current servicer of Plaintiff's mortgage, initiated foreclosure proceedings by filing a Notice of Default on January 9, 2009. On August 12, 2009, Plaintiff received a Notice of Trustee's Sale. Plaintiff asserts that he sent OneWest a Qualified Written Request ("QWR") by certified mail on December 4, 2009, which OneWest received on December 8, 2009. Plaintiff further alleges that OneWest has failed to respond to the QWR.

Plaintiff commenced the instant action on January 21, 2010. Defendants promptly filed a 12(b)(6) Motion to Dismiss on March 18, 2010. This Court granted that Motion with leave to amend. Plaintiff filed his FAC on May 24, 2010 alleging Defendants violated federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, et seq. ("RESPA"), in addition to state claims for wrongful foreclosure, breach of contract, breach of implied covenant of good faith and fair dealing, fraudulent misrepresentation, fraudulent concealment, reformation under Civ. Code §§ 3399 and 1670.5, violations of Cal. Bus. & Prof. Code § 17200, et seq., Cal. Civ. Code § 1632, and declaratory and injunctive relief. On June 11, Defendants filed the instant motion to dismiss.

---

[2] The factual assertions in this section are based on the allegations in Plaintiff's FAC unless otherwise specified.

2

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id. at 1964-65 (internal citations and quotations omitted). A court is not required to accept as true a legal conclusion couched as a factual allegation. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Factual allegations must be enough to raise a right to relief above the speculative level. Twombly, at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

///

///

"Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Twombly, 550 U.S. 556 n.3.  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id.  Nevertheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556.

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

///
///
///
///

4

**ANALYSIS**

**A.    RESPA**

Plaintiff alleges that OneWest, as servicer of his loan, failed to respond to his QWR in violation of RESPA, 12 U.S.C. § 2605.

RESPA requires mortgage loan servicers who receive a QWR for information relating to the servicing of their loan to provide a written response within 20 days acknowledging receipt of the correspondence.  12 U.S.C. § 2605(e)(1)(A).  For the purposes of the Act, a QWR is defined as "a written correspondence [] that... includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."  12 U.S.C. § 2605(e)(1)(B). A loan servicer has the duty to act when it receives a QWR "for information relating to the servicing of the loan."  12 U.S.C. § 2605(e)(1)(A).  "Servicing means receiving any scheduled periodic payments from the borrower...and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower."  Id. § 2605(i)(3).

Plaintiff describes his December 2009 letter to OneWest as a QWR, but the facts alleged do not qualify it as such.  In his FAC, Plaintiff states that, through his alleged QWR, he requested, *inter alia*, "information sufficient to identify the [Special Purpose Vehicle] and certificate holders."  (FAC, ¶ 24).
///
///

This fails to meet the definition of a QWR as outlined by RESPA. See Consumer Solutions REO, LLC v. Hillery, 658 F. Supp. 2d 1002 (N.D. Cal. 2009) (asserting that a QWR *must* address the servicing of the loan) (emphasis added).

Plaintiff's conclusory statement that he submitted a QWR to OneWest, without supporting facts, is insufficient. See Twombly, 550 U.S. at 555.  In order to create a duty to respond under RESPA § 2605, a QWR must specifically seek information related to the servicing of the loan. Hillery, supra.  The factual assertions contained within Plaintiff's FAC do not establish that he mailed OneWest a valid QWR because the information sought fell outside the scope of the term "servicing" as defined in § 2605(i)(3).

Consequently, Plaintiff has failed to state a claim under § 2506 of RESPA.

**B.   Plaintiff's Remaining Causes of Action**

Having failed to allege a viable federal claim, with only Plaintiff's state law claims remaining, this Court ceases to have subject matter jurisdiction over the suit.  The Court declines to exercise its supplemental jurisdiction over the remaining state causes of action and they are dismissed without prejudice.  The Court need not address the merits of Defendant's Motion to Dismiss with respect to the remaining state law causes of action as those issues are now moot.

///
///

**CONCLUSION**

Accordingly, Defendants' 12(b)(6) Motion to Dismiss (Docket No. 20) is GRANTED with leave to amend.[3]

The Court notes that this is the second complaint Plaintiff has filed in this litigation. Plaintiff is therefore advised that failure to cure the deficiencies of his complaint upon amendment will result in dismissal of his suit with prejudice.

Plaintiff may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically. If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: July 26, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Because oral argument was not determined to be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Local Rule 230(g).